UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION,

                              Civil Action 2:13-md-2433
                              JUDGE EDMUND A. SARGUS, JR.
                              Magistrate Judge Elizabeth Preston Deavers

**This document relates to:** *Michael and Brook Harris v. E. I. du Pont de Nemours and Company*, Case No. 2:19-cv-3227.

## DISPOSITIVE MOTIONS ORDER NO. 41

### Personal Jurisdiction and Venue

Michael and Brook Harris's case is part of the multidistrict litigation ("MDL") *In Re: E.I. Du Pont de Nemours and Company C-8 Personal Injury Litigation*, MDL-2433. Currently before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 3), Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss (ECF No. 4), and Plaintiffs' Reply in Support of its Motion to Dismiss (ECF No. 5).

The record in MDL-2433 spans seven years, including more than 450 decisions from this Court and five month-long jury trials. The MDL is somewhat unusual in that the harm alleged by all Plaintiffs occurred in a limited geographic area. Specifically, all Plaintiffs allege that they became sick and/or died from ingesting through drinking water a synthetic perfluorinated carboxylic acid and fluorosurfactant also known as perfluorooctanoic acid or ammonium perfluorooctanoate ("C-8"). For decades DuPont discharged C-8 into the water and unlined landfills around its Washington Works Plant located on the Ohio River near Parkersburg, West Virginia. It is undisputed that DuPont's release of the C-8 has contaminated six water districts

1

and several private wells in West Virginia and Ohio. All the MDL Plaintiffs drank water from one or more of these contaminated water sources for a certain period of time. A massive epidemiological study linked their diseases to the ingestion of C-8.

Consequently, all the cases that make up the C-8 MDL are appropriately filed in either the Southern District of West Virginia or this in district. And, all the cases will either be tried by this Court because personal jurisdiction and venue are appropriate in this district or Defendants provide *Lexecon* waivers,[1] or they will be tried in West Virginia by the undersigned sitting by designation or by a West Virginia judge.

In January 2017, during the fourth trial held in this MDL, DuPont filed notice with the Security and Exchange Commission of a $670.7 million global settlement of the 3500-plus then-pending cases. Ultimately, all those cases were dismissed pursuant to the Settlement Agreement.

Since that time, 100-plus post-settlement cases have been filed directly in this MDL or in the Southern District of West Virginia and transferred to the Judicial Panel of Multidistrict Litigation ("JPML"), which in turn issued a Conditional Transfer Order ("CTO") moving the case to this district before the undersigned to become part of the C-8 MDL. This Court has issued numerous decisions directed at these post-settlement cases and tried two cases in a joint month-long trial.

Defendants have moved to dismiss the Harris's case, arguing that this Court lacks personal jurisdiction over Defendants and without personal jurisdiction this district is also an improper venue. Plaintiffs' counsel responds that they have appropriately filed over 750 cases in this MDL and while they mistakenly filed this case in Ohio instead of West Virginia, Defendants

---

[1] Defendants have the right to have the West Virginia cases tried in that jurisdiction but may also waive that right and permit trial in this jurisdiction pursuant to *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

failed to engage in an informal discussion with them about this case. Plaintiffs maintain that if the parties had met and conferred about this issue, a compromise could have been made that would save the parties' and the Court's resources since there is no dispute that this case is appropriately part of the C-8 MDL. For example, the parties could have consented to transfer of forum under 28 U.S.C. § 1404(a) when this Court determines that trial and/or remand of this matter from the C-8 MDL is appropriate. Plaintiffs assert that granting Defendants' request to dismiss based on lack of personal jurisdiction "creates a circuitous transfer, or dismissal and refiling, tagging and second transfer process that ultimately lands this case right back where it currently resides, inside MDL-2433 and in front of this Court." (Pls' Mem. in Opp. at 2, ECF No. 4.) There is no dispute that this is an accurate statement.

If this Court dismissed this case and Plaintiffs re-filed in the Southern District of West Virginia or the Court used the more preferable action of transfer to that district, Plaintiffs would be required under MDL Rule 7.1 to file a "Notice of Potential Tag-along Action." Panel Rule 7.1. This tagging in turn would necessitate the Clerk of the JPML to "enter a conditional order transferring that action to the previously designed transferee district court for the reason expressed in the panel's previous opinions and orders." *Id*. Then the Clerk of Courts of the Southern District of West Virginia would be required to send the case to this Court's Clerk, who would then assign it to MDL-2433. That process for one case expends the resources not only of the parties but of two district courts and the JPML.

Indeed, this utilization of resources is why MDL courts often encourage a direct filing agreement, which "achieves significant efficiencies for all parties and the system: it reduces costs and delays, eliminates the administrative burdens of transfer on both the parties and the courts, and it provides the MDL court the ability to try to settle the cases without ever having the obligation to remand them to their home districts." Andrew D. Bradt, *The Shortest Distance:*

3

*Direct Filing and Choice of Law in Multidistrict Litigation*, 88 Notre Dame L. Rev. 759, 763–64 (2012).[2]

Because all parties agree that this case is appropriately part of *In Re: E.I. Du Pont de Nemours and Company C-8 Personal Injury Litigation*, this Court will exercise its discretion to defer ruling on Defendants' Motion in favor of dismissing it without prejudice to be reviewed, if necessary, at a later time. "Rule 12(d) provides that a motion to dismiss brought under Fed. R. Civ. P. 12(b)(2) may be heard and determined before trial, but that the court has the power to defer hearing of evidence and a ruling on the motion until trial." *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1213–14 (6th Cir. 1989). "As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." *Id.* (quoting *Gibbs v. Buck*, 307 U.S. 66, 71–72 (1939)).

Moreover, the Court notes that this deferment does nothing to the parties' respective rights under the applicable statute of limitations because in lieu of a dismissal, the Court would transfer this action pursuant to 28 U.S.C. § 1631. That statute provides in relevant part that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is

---

[2] "In direct filing, at courts' encouragement, defendants agree to allow plaintiffs to file their cases directly into the MDL court, skipping the steps of filing their cases in an otherwise proper venue and having the case transferred to the consolidated MDL proceeding." Andrew D. Bradt, *The Shortest Distance: Direct Filing and Choice of Law in Multidistrict Litigation*, 88 Notre Dame L. Rev. 759, 763–64 (2012). "In most such cases, the MDL court, or the state in which it sits, would not otherwise be a proper venue for many of these cases, usually due to lack of jurisdiction over all defendants in all component cases." *Id.* "Courts encourage these stipulations and enshrine them in case-management orders applicable throughout the entire litigation." *Id.*

4

transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." *Id*.

Accordingly, the Court **DENIES** without prejudice Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 3.) The Court encourages the parties to meet and confer on this case as well as any others that are appropriately part of MDL-2433 but were mistakenly direct filed so as to save scarce judicial resources and the resources of the parties.

**IT IS SO ORDERED.**

9-28-2020
**DATE**

**EDMUND. A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**